[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This habeas petition was filed on February 9, 2001, by the petitioner claiming that Conn. Gen. Stat. § 54-125a(b) as amended by Public Act, 1995 No. 95-255 § 1 (hereafter the "Act") is ex post facto and, therefore, unconstitutional. The relief he seeks is that he be considered eligible for parole after serving 50% of his sentences imposed for crimes committed on November 17, 1994 as set forth in a mittimus attached hereto in docket CR 94-89177.
Based upon the mittimus attached hereto, the petitioner's original dates of offense were in 1994, prior to the effective date of P.A. 95-225 CT Page 15719 § 1. Assistant Attorney General Steven Strom stipulated to that fact in open court. Therefore, in accordance with this Court's recent ruling in the cases of Gus Woods, Jazrael King and Miguel Rentas, a copy of which decision is attached hereto, the Court finds that the above mentioned statute as amended by the above mentioned public act as applied to the petitioner in this case is a violation of the ex post facto clause of the Constitution of the United States, Article 1, § 10. The Act is a criminal and penal statute that applies to offenses occurring before July 1, 1996, its effective date, and operates to create a significant risk of increased punishment for those offenses. Although the court considers requiring prisoners to serve 85% of their sentence to be a laudable goal, as always our state laws must function within the bounds of the Constitution of the United States. The Act is unconstitutional beyond a reasonable doubt as applied to this petitioner, as to his sentences imposed on November 7, 1997 for crimes committed in 1994, which must be calculated for the purpose of parole eligibility under the law in effect in 1994.
Accordingly, the petitioner's writ of habeas corpus is granted, and the Court orders the warden to recalculate his parole eligibility date in accordance with General Statutes Section 54-125a(b) as it existed at the time the offenses occurred, with respect to each sentence. Further, the Board of Parole is ordered not to restrict itself to a mandatory minimum service of 85% of petitioner's sentences as provided by the Act in determining his eligibility for parole.
 * * * *
A hearing was held before this Court on November 28, 2001 on Petitioner's other claim that he is entitled to 364 days of pre-sentence jail credit which had been applied to a previous sentence. Michelle Deveau, a Records Specialist for the Department of Corrections, testified that if the Petitioner was given jail credit from the date of his arrest on November 18, 1994 until the date of his sentencing on November 7, 1997, he would receive pre-sentence jail credit of 1,085 days. However, the record reflects, and Ms. Deveau so testified, that deducted from the 1, 085 days was 364 days that had been applied to another sentence. The Petitioner has produced a transcript of the sentencing hearing of November 7, 1997 in which Judge Clifford stated in pertinent part: ". . . and I will recommend on the mittimus that he get credit from the time that he was arrested and held on this, from the date of the arrest." This was not reflected in the mittimus, but the Court finds based upon the transcript that it was the order of Judge Clifford. Accordingly, the Petitioner should be given credit for the full 1,085 days. Since 364 days had been deducted from that amount, the Court hereby credits or restores the 364 days of pre-sentence credit on Docket CR 94-89177. CT Page 15720
Rittenband, JTR
[EDITORS' NOTE: THE MITTIMUS ATTACHMENT IS ELECTRONICALLY NON-TRANSFERRABLE.]